IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAFAEL VERDEJO RUIZ | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-22 |
| WARDEN, FCI TEXARKANA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rafael Verdejo Ruiz, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge found that the petitioner's grounds for review were unexhausted and procedurally barred from habeas review. Accordingly, the magistrate judge recommended dismissing the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.

The petitioner raised five grounds for review in this petition. First, the petitioner contends the trial judge failed to instruct the jurors that the government had the burden of disproving his affirmative defense beyond a reasonable doubt, which the petitioner alleges was contrary to military

court decisions in *United States v. Cartwright*, 2013 WL 4734520 (A.F.C.C.A. Aug. 15, 2013) (unpublished), and *United States v. Medina*, 68 M.J. 587 (N.M.Ct.Crim.App. 2009). The petitioner challenges the salary forfeiture portion of his sentence, asserting that he should receive his pay or his sentence should be reduced for each day of forfeited pay. Finally, the petitioner contends he received ineffective assistance of counsel because his attorneys failed to raise these issues, and also because his appellate attorney failed to file a timely brief.

None of the petitioner's claims were litigated on the merits in the military courts. The claims concerning the jury instruction and salary forfeiture were never raised in the military courts. Thus, those claims are clearly unexhausted. The petitioner contends that he raised the ineffective assistance of counsel claims in a timely manner. This objection lacks merit. In the military courts, the accused has the right to raise any issues on appeal, in addition to the issues raised by counsel. *United States v. Grostefon*, 12 M.J. 431, 436-37 (1982). Although the petitioner exercised his right to raise additional issues, he did not raise the ineffective assistance of counsel claims in his *Grostefon* brief. The petitioner later raised the ineffective assistance of counsel claims in a motion for leave to file a supplemental assignment of error, but the Air Force Court of Criminal Appeals (AFCCA) denied the petitioner leave to file the supplemental assignment of error. The petitioner also raised the claims in a petition for review, but the United States Court of Appeal for the Armed Forces (CAAF) exercised its discretion to deny review. Because none of the claims raised in this petition were litigated on the merits in the military courts, the magistrate judge correctly concluded that the claims are unexhausted.

The petitioner contends that the district court should consider the unexhausted claims because the military courts will not review the claims in a habeas petition. However, claims that were not

2

raised in the military courts are deemed to be waived. *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). In order for a federal district court to review the merits of unexhausted, waived claims, the petitioner must show cause for the procedural default and actual prejudice resulting from the alleged error. *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 812 (10th Cir. 1993).

The petitioner objects to the magistrate judge's conclusion that the petitioner had not demonstrated cause for failing to exhaust his claims. The petitioner alleges that military authorities lost his copy of the trial record while his appeals were pending, and that he did not receive a new copy until he was working on this petition. The petitioner contends that the loss of his trial record is cause for the default, however, the petitioner has not demonstrated that the trial record was lost before the first *Grostefon* brief was filed, or that he could not have raised the issues without the trial record.

Next, the petitioner contends counsel's delay in filing the motion for leave to file a supplemental assignment of error caused the procedural default. The record shows that the AFCCA affirmed the petitioner's sentence on July 18, 2013. *United States v. Verdejo-Ruiz*, 2013 WL 3972293 (A.F.C.C.A. July 18, 2013) (unpublished). On April 29, 2014, the AFCCA granted the petitioner's motion for reconsideration and allowed him to file a supplemental assignment of error. The petitioner actually filed two supplemental assignments of error, which raised a total of three new issues. The petitioner contends that he requested his attorney to raise the ineffective assistance of counsel claims in a third supplemental assignment of errorM on June 1, 2014, which the attorney filed on June 24, 2014. Although the AFCCA addressed the merits of the issues raised in the first two supplemental assignments of error, the AFCCA found that the third supplemental assignment

of error was filed "well after the deadline for supplemental briefs to be submitted in this case and after oral argument." *United States v. Verdejo-Ruiz*, 2014 WL 4803023, at *2 (A.F.C.C.A. Aug. 14, 2014) (unpublished). The AFCCA denied the motion to submit the third supplemental assignment of error because it was untimely and because the petitioner "made no attempt to explain why [the ineffective assistance of counsel claims] could not have been raised earlier." *Id*. The record reflects that the petitioner did not request his attorney to raise the ineffective assistance of counsel claims in a timely manner. Therefore, the short delay in filing is not the cause of the procedural default.

The remainder of the petitioner's objections concern the merits of his claims. Because he has not shown cause for the procedural default, it is not necessary for the Court to consider the merits of the claims, or whether the petitioner was prejudiced by the alleged errors. Further, the petitioner has not shown that failing to address the merits of his claims will result in a grave miscarriage of justice.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

## **ORDER**

Accordingly, the petitioner's objections (#25 and #28) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge

(#24) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**So Ordered this**
**Mar 5, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE